.ROSENBERG v. GOLDSTEIN.

(Supreme Court, Appellate Term, First Department.   April 14, 1914.)

1. TRIAL (§ 252*)—INSTRUCTIONS—CONFUSING INSTRUCTIONS.

In an action for injuries claimed to be due to the ·negligence of the driver of a wagon, an instruction that defendant was not responsible for his driver's error of judgment or miscalculation tended merely to confuse the jury, where there was no evidence or claim that any error of judgment or miscalculation was made, nor any fact from which either could be inferred.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

2. TRIAL (§ 234*)—INSTRUCTIONS—FAILURE TO PRODUCE—PRESUMPTIONS.

In an action for injuries alleged to have been due to the negligence of the driver of a wagòn, an instruction that the jury might consider plaintiff's failure to call as a witness a butcher whose shop he claimed to have been visiting just before the accident, and his failure to produce his books, was erroneous; there being no intimation that the butcher witnessed the accident, and the books being incompetent from any point of view.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 534–538, 566; Dec. Dig. § 234.*]

Seabury, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Herman Rosenberg, an infant, by Ike Rosenberg, his guardian ad litem, against Morris Goldstein.   From a judgment on a verdict for defendant, plaintiff appeals.   Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Leon Dashew, of New York City (J. Brownson Ker, of New York City, of counsel), for appellant.

William A. Jones, of New York City (Alden S. Crane, of New York City, of counsel), for respondent.

BIJUR, J.   The appellant relies exclusively upon alleged errors in the judge's charge to the jury.

This was a comparatively simple accident case where a child about 11 years of age was alleged to have been injured by the negligence of defendant's servant while driving defendant's wagon south on Suffolk street between Broome and Grand streets.

[1] The learned judge below delivered an extensive charge in the course of which reference was made to many matters quite immaterial to the issues.   Thus, for example, the learned judge charged that the defendant was not responsible for the driver's "mere error of judgment or miscalculation."   As there was no indication in the evidence, and no claim made by either side, that any error of judgment or miscalculation had been made, nor any fact from which that could be inferred, that charge tended merely to confuse the jury.

[2] The learned judge also charged that the jury might take into consideration the failure to produce on the witness stand a butcher,

whose shop plaintiff had claimed to have been visiting just before the accident, and also failure to produce his books, as having some effect on the plaintiff's or the defendant's case. There is not the slightest intimation in the record that the butcher witnessed the accident, and his books, of course, would be quite incompetent as evidence from any point of view. While the learned court did not intimate which side might, in the minds of the jury, be prejudiced by the absence of this alleged testimony, it did permit the jury to speculate on the subject, although it was one entirely outside of their consideration, and not connected with the issues in the case.

These and other errors are adequately presented by a number of exceptions taken by plaintiff's counsel.

It seems evident to us that the issues were not properly submitted to the jury, and the judgment must be reversed and a new trial granted, with costs to appellant to abide the event.

LEHMAN, J., concurs.

SEABURY, J. I dissent. While the charge of the learned court was not wholly free from error, the erroneous statement related to matters immaterial to the issue; and, in my judgment, was not of so grave a character as to justify a reversal of the judgment.